**MONTEIRO & FISHMAN LLP**
Marcus Monteiro, Esq.
    *Email: mmonteiro@mflawny.com*
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Tel.: 516/280.4600
Fax: 516/280.4530
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEOPOLDO GALVAN, on behalf of himself and others similarly situated, | Civil Case No. 2:26-cv-3504 |
| Plaintiff, | **COMPLAINT** |
| -against- | **FLSA COLLECTIVE ACTION**<br>**RULE 23 CLASS ACTION** |
| JOHN CUNHA and JFM CONCRETE INC., | |
| Defendants. | |

Plaintiff, LEOPOLDO GALVAN ("LEOPOLDO") complaining of the Defendants herein JOHN CUNHA ("JOHN") and JFM CONCRETE INC. (the "CORP."), by their attorneys, MONTEIRO & FISHMAN LLP, upon information and belief, and at all times hereinafter mentioned, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiff alleges that they are entitled to, under New York Labor Law, Art. 6, §§ 190 *et seq*. and Art. 19, §§ 650 *et seq.*, (collectively "NYLL"), and N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 142 and 146 from Defendants damages resulting from violating the following: (i) New York State Minimum Wage Act; (ii) New York Overtime Laws; (iii) New York Notice Requirements; (iv) New York Wage Statement Requirements; (v) Civil Damages for Fraudulent Filing of Returns; (vi) attorneys' fees, (vii) interest, and (viii) all costs and disbursements associated with this action.

2.      Plaintiff further alleges on behalf of himself, and the Class that they are entitled to, under 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL") *inter alia*, from Defendants: (i) unpaid wages for overtime work performed, (i) liquidated damages, (iii) attorneys' fees, (iv) interest, and (v) all costs and disbursements associated with this action.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 due to Plaintiffs' claims under FLSA, and supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper as Defendants conduct business in Nassau County and the wrongs complained of herein occurred in Nassau County.

## PARTIES

*Plaintiff*

5.      Plaintiff resides in SUFFOLK County, New York.

*Defendants*

6.      All Defendants are collectively referred to as "Defendants."

7.      The CORP. is a domestic limited liability company that is duly licensed to conduct business under the laws of the State of New York, which currently maintains its principal place of business at 436 Granny Road, Medford, NY 11763.

8.      The CORP. is a landscaping company that offers the following services: landscape design, installation, maintenance, pavers, veneers, facades, stone-work, pool surrounds, driveways and patios, outdoor kitchens, and retaining walls. Here's some samples of their work according to their website at JFMGroups.com:





9.    JOHN is the President, shareholder, and/or agent of the CORP. and resides at 424 Granny Road, Medford, NY 11763; and/or 750 Ocean Breeze Walk, Ocean Beach, NY 11770; and/or 38 Bergen Avenue, Blue Point, NY 11715; and/or 3529 Route 112, Coram, NY 11727.

10.     JOHN exercised sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under N.Y. Lab. Law § 190(3).

11.     Upon information and belief, JOHN is: an officer, owns, is a majority shareholder, an agent of, manager of, has active control of the CORP., has operational control of the CORP., sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the CORP., implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the CORP., determined employee salaries, made hiring decisions, maintains the employee records of the CORP., acts directly and indirectly for and in the interest of the CORP., hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiff under N.Y. Lab. Law § 190(3). JOHN exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

12.     The CORPS. exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

13.     Defendants the CORP. and JOHN are in charge of hiring Plaintiff.

14.     Defendants the CORP. and JOHN decided the job duties that Plaintiff performed.

15.     Defendants the CORP. and JOHN determined Plaintiff's hourly rate of pay.

16.     Defendants the CORP. and JOHN determined Plaintiff's work schedule.

17.     Defendants the CORP. and JOHN determined the number of hours that Plaintiff worked.

18.     Defendants the CORP. and JOHN dictated, controlled, and ratified the wage and hour and related employee compensation policies.

19.     Defendants the CORP. and JOHN were aware of Plaintiff's work hours but failed to pay Plaintiff the full and proper amount of wages they were entitled to each week.

20.     Defendant JOHN has participated, controlled, directed, and has operational control of the day-to-day operations of the CORP.

21.     Defendants the CORP. and JOHN managed Plaintiff's employment, including the amount of overtime that he worked each workweek.

22.     At all relevant times, Defendants employed more than two persons and have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

23.     Upon information and belief, during each of the three years preceding the date of this complaint, Defendants have had gross revenues in excess of $500,000 per year.

24.     At all relevant times, Plaintiff, in his work for Defendants, has handled and worked on goods or materials that have been moved in, or produced, for commerce.

25.     At all relevant times, they were each an "enterprise engaged in commerce or in the production of goods for commerce" under FLSA 29 U.S.C. § 203.

26.     The No Wage Theft Loophole Act recently added subdivision 5 to Article 6, § 193 and the end of §198 (3).  The justification section therein states: "Article 6 of the Labor Law was created to prevent employers from benefiting from the fruits of their employees' labor by withholding wages. If interpreted correctly, this broad-ranging statute allows prevailing plaintiffs to recover unpaid wages, attorney's fees, and in many cases liquidated damages. To the detriment of employees everywhere, however, the statute is often interpreted extremely narrowly by courts who misconstrue or overlook its rights-affirming language….[e]mployees must be paid what they are owed, no matter what. Doing so will help defend the rights of all employees, including low-income employees who are more likely to be subject to wage theft. New York cannot in good faith claim to be one of the most progressive states in the nation when it comes to labor rights if we fail to clarify that wage theft is, and has always been, completely prohibited within our boundaries."

## FLSA COLLECTIVE ACTION ALLEGATIONS

27.    Plaintiffs bring these claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("Collective Plaintiffs").

28.    At all relevant times, Plaintiffs and the other Collective Plaintiffs are, and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one and one half times their hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other Collective Plaintiffs.

29.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 16(b) of the FLSA, 29 U.S.C. 216(B). The Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the Collective Plaintiffs via first class mail to the last address known to Defendants.

30.    The named Plaintiffs are representative of those other workers and is acting on behalf of Defendants' current and former employees' interest, as well as his own interest in bringing this action.

## CLASS ACTION ALLEGATIONS

31.    Plaintiffs also bring their N.Y. Lab. Law claims pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

32. All said persons, including Plaintiffs, are referred to herein as the "Class" or the "Rule 23 Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P. 23.

33. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) members of the Class.

34. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

35. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

36.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. In addition, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

37.    Upon information and belief, Defendants and other employers throughout the state violated the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which

allows for the vindication of their rights while eliminating or reducing these risks.

38. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Plaintiffs and the Rule 23 Class are non-exempt from entitlement to overtime compensation for all hours worked in excess of 40 hours per week;

b) What policies, practices and procedures Defendants implemented regarding payment of overtime compensation, spread of hours, and breaks and meal periods;

c) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours per week within the meaning of the NYLL Article 19 § 650 *et seq*. and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

d) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class spread of hours pay by failing to pay an additional hour's pay when they worked more than ten (10) hours in a day, as provided by 12 N.Y.C.R.R. sect. 142-2.4;

e) Whether Defendants failed to provide Plaintiffs and the Rule 23 Class breaks and meal periods in violation of NYLL sect. 162(4);

e) Whether Defendants wrongfully interfered with the rights of Plaintiffs and the Rule 23 Class to immediate possession of earned wages and, thus, engaged in unlawful conversion of their compensation;

f) The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

g) Whether Defendants failure to pay Plaintiffs and the Rule 23 overtime compensation for all hours worked in excess of forty (40) hours per week, spread of hours pay was done willfully or with reckless disregard for the applicable federal and state wage and hours laws, and whether Defendants' failure to afford proper meal and break period was done willfully or with reckless disregard for the applicable federal and state wage and hours laws.

## STATEMENT OF FACTS

39. Plaintiff was employed by Defendants as a driver, mower, landscaper, planter and overall landscape professional, from January 2025 to March 2026 and generally worked a total of 60 to 72 hours, Monday to Saturday during the landscaping season, which ran from March to late December. He was paid by check at between $1,000 to $1,500 per week. The hours on his checks

were false, and almost always indicate 40 hours worked. The hourly rate on his checks were also false and varied between $31.25 and $37.50.

40.    Plaintiff was not paid an overtime premium for all hours worked over 40 in a workweek.

41.    Plaintiff did not supervise any other employee and had no supervisory authority whatsoever over any other person.

42.    While Plaintiff worked in excess of forty hours a week, Defendants willfully failed to pay him minimum wage and overtime compensation for the overtime hours worked.

43.    When Defendants hired Plaintiff, they never furnished him with a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

44.    Defendants never paid Plaintiff wages  with a pay  statement containing the following information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances.

45.    During the term of Plaintiff's employment, Defendants failed to maintain and preserve payroll or other records indicating the time and day, and day of week on which Plaintiff's workweek began, the regular rate of pay for any workweek in which overtime pay was due; the hours worked each workday and total worked each week, the total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime pay; the total

premium pay for overtime hours; and/or the total additions to or deductions from wages paid each pay period.

46.     Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the NYLL.

47.     Defendants knew that nonpayment of overtime would economically injure Plaintiff and violated State laws.

48.     Defendants required employees to work off-the-clock and failed to compensate employees properly for all hours worked.

49.     Defendants committed the following acts against Plaintiff, knowingly, intentionally and willfully.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq*.**
**Brought by Plaintiff on Behalf of Himself and the Class)**

50.     Plaintiff, on behalf of himself, and the Class reallege and incorporate by reference all previous paragraphs.

51.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for those hours worked in excess of forty hours per workweek.

52.     At all relevant times, Defendants has and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs and Class plaintiffs at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA.

53.     At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek

54.    Plaintiff, on behalf of himself and the Class seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND  CLAIM FOR RELIEF**
**(New York Overtime Violations)**
**(New York Minimum Wage Act, N.Y. Stat. §§ 650 et seq.,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 – 2.2 and 146-1.4**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

55.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

56.    It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

57.    Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at a rate of not less than one-half times his hourly wage for each hour worked in excess of forty hours per workweek, violating 12 N.Y.C.R.R. §§ 146-1.4, 142- 2.2.

58.    As a result of Defendant's willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and- post judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**(New York Wage Notice Requirements)**
**(N.Y. Lab. L. §§195,198 Brought by Plaintiffs on Behalf of Themselves and the Class)**

59.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

60.    Defendants failed to furnish to Plaintiff at the time of hiring a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of N.Y. Lab. Law § 195(1) and 12 N.Y.C.C.R. § 146-2.2.

61.    The written notices serve "as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves." Denying Plaintiff such notice impinged on Plaintiff's interests in not only being paid what is owed, but also in being able to advocate for the receipt of proper pay.

62.    Due to Defendants' violating N.Y. Lab. Law § 195(1), Plaintiff is entitled to recover from Defendants' liquidated damages, up to a maximum of $5,000.00 per Plaintiff, reasonable attorney's fees, and costs and disbursements of this action under N.Y. Lab. Law § 198(1-b).

**FOURTH CLAIM FOR RELIEF**
**(New York Wage Statement Requirements)**
**(N.Y. Lab. L. §195 and N.Y. Comp. Code R. & Regs. 12, § 146-2.3**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

63.    Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

64.    Defendants paid Plaintiff wages, either by cash, or with a pay stub containing the following missing and/or willfully incorrect information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances, violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3.

65.    The wage statements serve "as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves." Denying Plaintiff such notice impinged on Plaintiff's interests in not only being paid what is owed, but also in being able to advocate for the receipt of proper pay.

66.    Due to Defendants violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3, Plaintiff is entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays this Court grant as relief the following:

a. Declaring that the practices complained of herein are unlawful under the N.Y. Lab. Law and FLSA;

b. Awarding Plaintiff an award of unpaid overtime under the FLSA and N.Y. Lab. Law;

c. Awarding Plaintiff liquidated damages due to Defendants' willful failure to pay overtime under the N.Y. Lab. Law and FLSA;

d. Awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish a notice at the time of hiring under the N.Y. Lab. Law;

e. Awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish correct statements with each payment of wages under the N.Y. Lab. Law;

f. Awarding Plaintiff pre-judgment interest;

g. Awarding Plaintiff post-judgment interest;

h. Awarding Plaintiff Attorneys' fees; and

i. Granting such other and further relief as this Court deems just and proper.

Dated:  June 11, 2026

MONTEIRO & FISHMAN LLP

/s/ Marcus Monteiro, Esq.
91 N. Franklin St., Suite 108
Hempstead, NY 11550
(516) 280-4600
*Attorneys for Plaintiff*